OPINION
Appellant Renee Layne appeals the decision of the Stark County Court of Common Pleas, Family Court Division, which granted permanent custody of her minor child Bobbi Jo Layne to Appellee Stark County Department of Jobs and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
SCDJFS has had involvement with the Layne family for several years. In the most recent prior action, the trial court conducted a permanent custody trial and best interests hearing in October 2000, in regard to six of Bobbi Jo Layne's siblings. On October 26, 2000, the trial court granted SCDJFS's motion for permanent custody of those children. We affirmed said decision on appeal. See In re the Layne Children (March 5, 2001), Stark App. No. 2000CA00344, unreported.
On December 12, 2000, SCDJFS filed a permanent custody complaint regarding Bobbi Jo Layne, born December 11, 2000, alleging dependency pursuant to R.C. 2151.04(C). Concurrent with the filing of the complaint, SCDJFS obtained an emergency shelter care custody order, as well as an order for each parent, inter alia, to "submit to the above requested evaluation at Human Development and Counseling immediately and have it completed by the adjudicatory hearing." Following a shelter care hearing on December 13, 2001, temporary custody of Bobbi Jo was granted to SCDJFS.
A trial was conducted on the dependency allegation and the permanent custody complaint on March 6, 2001. The court heard testimony from the intake social worker, the ongoing family service worker, appellant, and Franklin Layne, the father of Bobbi Jo. In addition, the court heard the testimony of Dr. Gerald Bello, the psychologist at Human Development and Counseling Associates who had conducted evaluations on appellant and Franklin. Appellant's trial counsel entered a continuing objection to Dr. Bello's testimony regarding his evaluation of appellant. However, the trial court overruled counsel's objection. Tr. at 94.
By order of March 23, 2001, the trial court found Bobbi Jo to be dependent and granted a disposition of permanent custody to SCDJFS. On March 26, 2001, appellant filed her notice of appeal[1], and herein raises the following three Assignments of Error:
 I. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES (DHS) MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF APPELLANT BECAUSE THE DHS DID NOT MAKE REASONABLE EFFORTS TO REUNIFY THE CHILD WITH THE APPELLANT.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADMITTED THE TESTIMONY AND REPORTS OF PSYCHOLOGIST DR. GERALD BELLO IN ABSENCE OF A SPECIFIC STATUTORY WAIVER OR EXCEPTION IN VIOLATION OF THE PSYCHOLOGIST-PATIENT PRIVILEGE, IN ACCORDANCE WITH, R.C. 4732.19.
 III.
As we find appellant's Third Assignment of Error dispositive of the present appeal, we will address the arguments therein first.
Appellant argues that the trial court erred in admitting evidence concerning her psychological evaluation without a waiver of psychologist-patient privilege. We agree.
In In re Daywalt (March 19, 2001), Stark App. Nos. 2000CA332 
2000CA355, unreported, we addressed this same issue, coincidentally involving the same psychologist who testified in the case sub judice. After reviewing the Ohio Supreme Court's upholding of in In Re: Wieland
(2000), 89 Ohio St.3d 535, and the decision of the Eleventh District Court of Appeals in In re Kyle (Dec. 1, 2000), Portage App. No. 2000-P-0014, unreported, we held as follows:
 * * * While the [Kyle] court recognized that its holding deprived a trial court of a potentially valuable source of relevant information, and changed the nature of the evidence a children's services board can rely on in seeking to obtain permanent custody, no new exception to the privilege may be invoked until it is recognized by the State Legislature. Id.
 We agree with the reasoning of Kyle. The Weiland
decision specifically focuses on the lack of a statutory exception to the privilege. While in the instant case the evaluation was forensic in nature rather than for purposes of treatment, the evaluations were part of a reunification plan. In the absence of a specific statutory exception or a waiver by the parents, neither of which exists in the instant case, any information conveyed to Dr. Bello was privileged. Id. at 5-6.
Although the case sub judice commenced as a permanent custody filing, as opposed to Daywalt, which involved a post-dispositional permanent custody motion, the Supreme Court has made clear that "[n]o provision is made in any of [the testimonial privilege] statutes that would allow for the in-court disclosure of confidential information on the basis that the treatment or service received by the patient or client was involuntary in nature, ordered as part of a journalized case plan provided in R.C.2151.412, or is necessary or relevant to a determination of permanent custody under R.C. 2151.414." Wieland at 537-538.[2]
Appellee initially responds on two procedural bases: first, that appellant failed to object to the trial court's entry of December 13, 2001 ordering the psychological evaluation, and second, that appellant did not file any motion or notice regarding her intent to invoke the privilege. However, the aforesaid entry merely orders that an evaluation be completed on appellant in time for the adjudicatory hearing; we see no grounds for implying that this resulted in a waiver, from which appellant would have been required to file an objection in order to protect the privilege. Additionally, appellee's implicit contention that a party asserting the psychologist-patient privilege must provide advance written notice is unsupported by any authority, and we find no merit therein.
Appellee also urges that even if the court erred in allowing Dr. Bello's testimony, such error is harmless. The Kyle court indicated that the second question to be answered in this analysis is whether the admission error was prejudicial. Kyle at 5. The trial court's findings specifically refer to appellant's psychological evaluation in its text. Findings of Fact and Conclusions of Law at 3-4. Against the backdrop of the relatively short duration of this case and case plan, and in light of the entire record, we are persuaded that the professional opinion of Dr. Bello carried sufficient weight for the trier of fact, such that we would find the erroneous admission of said testimony prejudicial to the rights of appellant, warranting a reversal.
Appellant's Third Assignment of Error is sustained.
 I, III
All other assignments of error are rendered moot by our disposition of Assignment of Error III.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Court Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee SCDJFS.
Wise, J., Gwin, P.J., and Hoffman, J., concur.
[1] Franklin Layne has separately appealed under Stark App. No. 2001CA00118. 
[2] Shortly after the trial in the case sub judice, the General Assembly added certain provisions to R.C. 2317.02(B), which now reads:
 (B)(1) * * * The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances:
* * *
 (b) In any civil action concerning court-ordered treatment or services received by a patient, if the court-ordered treatment or services were ordered as part of a case plan journalized under section 2151.412 of the Revised Code or the court-ordered treatment or services are necessary or relevant to dependency, neglect, or abuse or temporary or permanent custody proceedings under Chapter 2151. of the Revised Code.
* * *